IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| S. W., A Minor,<br>by and through his mother, LYNDSEY<br>WOJCEHOWICZ, parent and natural<br>guardian<br>459 Blue Jay Circle<br>Bellville, Ohio 44813<br><br>and<br><br>JEFFREY WOJCEHOWICZ, Individually<br>459 Blue Jay Circle<br>Bellville, Ohio 44813<br><br>and<br><br>LYNDSEY WOJCEHOWICZ,<br>Individually<br>459 Blue Jay Circle<br>Bellville, Ohio 44813<br><br>      Plaintiffs,<br><br>v.<br><br>EDWARD ZARCZYNSKI, M.D.<br>770 Balgreen Drive<br>Suite 207<br>Mansfield, Ohio 44906<br><br>and<br><br>THIRD STREET COMMUNITY CLINIC,<br>INC.<br>% Statutory Agent<br>Weldon & Company, Inc.<br>76 North Mulberry Street<br>Mansfield, Ohio 44902<br><br>and | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT WITH<br>AFFIDAVIT OF MERIT<br>ATTACHED HERETO**<br>(Jury demand) |

**EXHIBIT 3**

```
MEDCENTRAL HEALTH SYSTEM      )
℅ Statutory Agent             )
Terri W. Meldrum              )
180 East Broad Street         )
Columbus, Ohio 43215          )
                              )
and                           )
                              )
OHIOHEALTH CORPORATION        )
℅ Statutory Agent             )
Terri W. Meldrum              )
180 East Broad Street         )
Columbus, Ohio 43215          )
```

Defendants.

Now come Plaintiffs, by and through counsel, and state for their Complaint as follows:

1. Lyndsey Wojcehowicz is the mother and natural guardian of minor son, S.W.

2. Jeffrey Wojcehowicz is the father of minor son, S. W.

3. Plaintiffs Lyndsey and Jeffrey Wojcehowicz and their minor son, S.W., reside in the City of Bellville, Richland County, Ohio.

4. The events complained of occurred in Richland County, Ohio.

5. At all times relevant, Edward Zarczynski, M.D. (hereinafter "Dr. Zarczynski") was a physician licensed to practice medicine in the State of Ohio.

6. At all times relevant, Dr. Zarczynski provided care to Lyndsey Wojcehowicz and her unborn fetus independently and/or within the course and scope of his employment, agency and/or master/servant relationship as an officer, director,

2

actual and/or apparent agent, and/or employee of Defendant Third Street Community Clinic, Inc., and/or Defendant MedCentral Health System.

7. At all times relevant, Defendant Third Street Community Clinic, Inc. (hereinafter "Third Street"), was a corporation licensed to provide medical care by the State of Ohio to patients through its employees, agents (actual and apparent), and servants. At all times relevant, Third Street provided medical care to Plaintiff Lyndsey Wojcehowicz and her unborn son, S. W., through its employees, actual agents, apparent agents and/or servants including but not limited to, Dr. Zarczynski, all of whom were acting within the course and scope of their employment, agency and/or master servant relationship. Third Street had a duty to provide prudent, competent and safe care and is therefore vicariously liable for the acts, omissions and/or negligence of its employees, agents and/or servants.

8. At all times relevant, Defendant MedCentral Health System (hereinafter "MedCentral") was a hospital licensed by the State of Ohio to provide medical care to patients through its physicians, resident physicians, nurses, employees, actual and apparent agents, and servants, and in so doing had a duty to provide prudent and competent medical care to Plaintiffs herein within the accepted standards of care.

9. At all times relevant, Defendant MedCentral provided care to Plaintiff Lyndsey Wojcehowicz and her unborn son, S.W., by and through its physicians, resident physicians, nurses, employees, actual agents, apparent agents and servants, including but not limited to, Dr. Zarczynski, all of whom were acting within the course and scope of their employment, agency and/or master servant relationship in rendering said care. MedCentral had a duty to provide prudent, safe and competent care and is therefore

3

vicariously liable for the negligent acts and omissions of its employees, actual agents, apparent agents and servants.

10. At all times relevant, Defendant OhioHealth Corporation (hereinafter "OhioHealth") was the parent corporation of MedCentral and therefore legally responsible for all conduct of MedCentral agents and/or employees who were acting within the course and scope of their employment and/or in furtherance of the hospital's business as alleged herein.

11. OhioHealth has and continues to maintain its corporate office and principal place of business in Franklin County, Ohio.

## COUNT I
## MEDICAL NEGLIGENCE

12. Plaintiffs incorporate the allegations as set forth in paragraphs 1 through 11 of the Complaint as fully restated herein.

13. Plaintiff Lyndsey Wojcehowicz began her prenatal care at Third Street for her pregnancy with her son, S.W. on or about July 1, 2015.

14. On or about December 23, 2015, S.W. was born at MedCentral via Cesarean section.

15. During the course of Lyndsey Wojcehowicz's labor, her fetus experienced prolonged decelerations, late decelerations suggestive of fetal hypoxia, variable decelerations, and poor variability. Measures were not correctly employed by each and every Defendant and/or their agents/employees to rectify the fetal heart rate patterns, and labor induction was continued despite fetal intolerance to labor.

16. Dr. Zarczynzki rendered substandard or otherwise negligent care to Plaintiffs Lyndsey Wojcehowicz and S.W.

4

17. Defendants MedCentral and OhioHealth by and through one or more of its officers, directors, apparent and/or actual agents, and/or employees, including but not by way of limitation, its obstetrical nurses, rendered substandard or otherwise negligent care to Plaintiffs Lyndsey Wojcehowicz and her unborn son, S.W..

18. As a direct and proximate result of the joint and several negligence, and deviations from the applicable standards of care of each Defendant as set forth previously, minor Plaintiff, S.W., suffers severe, permanent injury and disability, as well as mental and physical pain and suffering, and loss of enjoyment of life. He has incurred significant expenses for past medical care and will require continuous care and costs throughout his lifetime, and has suffered a permanent loss of earnings and earning capacity.

## COUNT II
## INFORMED CONSENT

19. Plaintiffs incorporate the allegations as set forth in paragraphs 1 through 18 of this Complaint as if fully restated herein.

20. Dr. Zarczynski and the MedCentral employees failed to inform the Plaintiff of the need or option for a different plan of care, namely, either an urgent or emergent Cesarean section or a much earlier induction. The maternal risks and dangers associated with continuation of the plan of care actually materialized resulting in a neurologically depressed and injured newborn child, S.W.

21. A reasonable person in Lyndsey Wojcehowicz's position who received adequate informed consent would have proceeded with either an earlier induction or the option for an emergency or urgent Cesarean section earlier than when it was in fact

performed. The end-revealed risks, dangers of the continued plan of care proximately caused the Plaintiffs' injuries and damages for which the Defendants are liable.

## COUNT III
## LOSS OF SERVICES AND CONSORTIUM

22. Plaintiffs incorporate the allegations as set forth in paragraphs 1 through 21 of this Complaint as if fully restated herein.

23. As a direct and proximate result of the aforementioned negligence and deviations and applicable standard of obstetrical care, and the failure to gain informed consent including alternative delivery options, Plaintiffs, Jeffrey and Lyndsey Wojcehowicz's son sustained irreversible brain injury causing them to sustain emotional distress, and permanent loss of services and society of their son, S.W.

24. As a direct and proximate result of the aforementioned negligence and absence of informed consent, the Plaintiffs, Jeffrey and Lyndsey Wojcehowicz have incurred medical expenses and will continue to incur future medical expenses for the care of their son, S.W., for the indefinite future.

## COUNT IV
## UNCONSTITUTIONALITY COUNT

25. Plaintiffs incorporate all of the allegations set forth in Paragraphs 1 through 24 of this Complaint as though fully set forth herein, and state further that they have attached to this Complaint Affidavits of Merit in compliance with the requirements of Civil Rule 10, as amended, effective July 1, 2005.

26. Plaintiffs state that the requirements of Civil Rule 10, as amended, effective July 1, 2005, Ohio Revised Code §2323.43, §2323.54, are unconstitutional and are in violation of the Ohio and United States Constitutions on the basis of equal

6

protection under the law and due process, and impose an undue burden on the class of plaintiffs bringing medical claims in the state of Ohio.

**WHEREFORE**, because Plaintiffs' damages are in excess of Twenty-Five Thousand Dollars ($25,000.00), Plaintiffs pray for compensatory damages against all Defendants, jointly and severally, in that sum of money that is fair and reasonable and will fully and fairly compensate Plaintiffs for the damages and injuries on all Counts, plus costs and interest and for such further relief as the Court deems just and equitable.

Respectfully submitted,

**The Becker Law Firm, LPA**

/s/ Michael F. Becker
Michael F. Becker (0008298)
Holly M. Moore (0085086)
134 Middle Avenue
Elyria, Ohio 44035
Ph: (440) 323-7070
Fax: (440) 323-1879
mbecker@beckerlawlpa.com
hmoore@beckerlawlpa.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues raised herein.

/s/ Michael F. Becker
Michael F. Becker
*Counsel for Plaintiffs*

7

IN THE COURT OF COMMON PLEAS

FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| S█████ W█████, et al., | ) | CASE No. |
| | ) | |
| | ) | JUDGE |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **AFFIDAVIT OF MERIT OF** |
| vs. | ) | **MICHAEL S. CARDWELL, M.D.** |
| | ) | |
| | ) | |
| EDWARD ZARCZYNSKI, M.D., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Michael S. Cardwell, M.D., being first duly sworn according to law and competent to testify as to the matter stated herein, says:

1. I am board certified in Obstetrics and Gynecology. I am licensed to practice medicine in the State of Ohio.

2. I devote at least one-half (50%) of my professional time to the active clinical practice of medicine or to the instruction of the same in an accredited institution.

3. I am familiar with the applicable standards of care for obstetricians and other healthcare providers managing pregnant patients for pregnancy, labor and delivery in 2015.

4. Based upon my review of the medical records reasonably available to Plaintiffs at this time, it is my professional opinion that the applicable

standards of care were breached by Edward Zarczynski, M.D., and employees, agents/servants and/or apparent agents/servants of MedCentral Health System, and those breaches were a cause of injury to S▬ W▬.

5. Further affiant sayeth naught.

_Michael S. Cardwell_
Michael S. Cardwell, M.D.

Sworn to before me and subscribed to in my presence this _11_ day of _August_, 2018.

_Heather Anne Davis_
Notary Public



Heather Anne Davis
Notary Public
In and For the State of Ohio
Recorded in Summit County
My Commission Expires
06 March 2023